NH

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Tanzap Elda Feh,

Petitioner,

v.

Markwayne Mullin, et al.,

Respondents.

No.    CV-26-02226-PHX-JCH (JZB)

**ORDER TO SHOW CAUSE**

Petitioner Tanzap Elda Feh, who is represented by counsel, filed this action under 28 U.S.C. § 2241 challenging her immigration detention.  (Doc. 1.)

Petitioner entered the United States on December 15, 2024.  On January 7, 2025, DHS initiated removal proceedings, and on January 10, 2025, Petitioner was released on parole.  On March 7, 2025, Petitioner filed an asylum application.  Petitioner presented herself to Department of Homeland Security for all her required check-ins.  On December 10, 2025, Petitioner presented herself at an Immigration and Customs Enforcement check-in and was re-detained by Customs and Border Protection officials without a pre-deprivation hearing.  Petitioner seeks release from custody.

Numerous courts have concluded individuals like Petitioner, who were released from immigration detention, are entitled to a pre-deprivation hearing prior to any rearrest or detention as a matter of due process.  *See, e.g., J.C.E.P. v. Wofford*, CV-25-01559-EFB (HC), 2025 WL 3268273, *6 (E.D. Cal. Nov. 24, 2025) (collecting cases); *Ramirez Clavijo v. Kaiser*, CV-25-06248-BLF, 2025 WL 2419263, at *6 (N.D. Cal. Aug. 21, 2025)

("Petitioner thus has shown a likelihood of success on the merits of her claim that she is entitled to a pre-deprivation hearing before a neutral decisionmaker prior to any re-arrest or detention under the Due Process Clause."); *Singh v. Andrews*, CV-25-00801-KES-SKO (HC), 803 F. Supp. 3d 1035, 1048 (E.D. Cal. 2025) ("On balance, the *Mathews* factors show that petitioner is entitled to process, and that process should have been provided before petitioner was detained.").

Respondents must show cause why the Petition should not be granted.  Any response must be supported by documentary evidence including, if applicable, affidavits by individuals with personal knowledge of the factual statements made therein and signed under penalty of perjury.

**IT IS ORDERED:**

(1)    Counsel for Petitioner must immediately serve the Petition (Doc. 1) and a copy of this Order on Respondents.

(2)    If not already issued, the Clerk of Court must issue any properly completed summonses.

(3)    The Clerk of Court must immediately transmit by email a copy of this Order and the Petition to the United States Attorney for the District of Arizona, to the attention of Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov, Theo Nickerson at Theo.Nickerson2@usdoj.gov, Dina Anagnopoulos at Dina.Anagnopoulos@usdoj.gov, and Mary Finlon at Mary.Finlon@usdoj.gov.

(4)    Respondents must show cause no later than **April 9, 2026**, why the Petition should not be granted.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

- 2 -

(5)     Petitioner may file a reply no later than **April 13, 2026**.

Dated this 2nd day of April, 2026.

Honorable Scott H. Rash
United States District Judge